UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HUBER,

        Petitioner,

v.                               Case No. 10-C-435

JEFF PUGH,

        Respondent.

## ORDER

On May 20, 2010, Robert Huber filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254, asserting that his state court revocation was imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Initial review of the petition reveals that it appears to be untimely. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed

within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner was convicted in 1988, and a revocation order was entered in 2000. The petition contains a dizzying litany of state proceedings dating back to that date. There appears to be a large gap, however, between October 1, 2003, when the Wisconsin Supreme Court denied his petition for review, and 2005, when Petitioner filed a petition for habeas corpus in state court. Because it is likely that the state supreme court decision "became final" in late 2003, and no further action was taken until 2005, it appears that the one-year limitations period would have expired by 2005. Although properly filed state post-conviction proceedings suspend the statute of limitations, 28 U.S.C. § 2244(d)(2), state actions filed *after* the limitations period has expired generally do not save a petition if the limitations period has already expired. *See Teas v. Endicott,* 494 F.3d 580, 582-83 (7th Cir. 2007). In other words, if the one-year limitations period expired in 2004, any actions filed after that date do not resurrect a petitioner's ability to file a timely § 2254 petition. In addition, even if the one-year period did not expire in 2004, it is unclear whether Petitioner's numerous state court proceedings could be deemed "properly filed" applications for post-conviction relief.

Because this issue is potentially dispositive of the petition, I will direct Petitioner to show cause by June 11, 2010 why this petition should not be dismissed as untimely. The respondent is

2

also directed to file a brief response, by June 18, indicating its position as to the timeliness of the petition. The respondent need not answer the petition or file any other briefs at this time.

Petitioner filed with his petition a request to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs is GRANTED.

THEREFORE, IT IS ORDERED that Petitioner file a brief showing cause, by June 11, why the petition should not be dismissed as untimely.

IT IS FURTHER ORDERED that the respondent file a brief statement on the timeliness issue by June 18.

Dated this   21st   day of May, 2010.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge