# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT HUBER,

        Petitioner,

  v.                                            Case No. 10-C-435

JEFF PUGH,

        Respondent.

## ORDER

On May 20, 2010, Robert Huber filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254, asserting that his state court sentence following the revocation of his probation was imposed in violation of the Constitution. Because the petition appeared untimely, I directed both sides to state their positions with respect to the statute of limitations. The state has agreed with this Court's original impression of untimeliness, but Petitioner has offered a persuasive reason to conclude, at least for now, that the one-year period may be tolled. Accordingly, the case will proceed and the custodian will be directed to file a response to Huber's petition.

The petition and attachments reveal a long and confusing procedural history. Huber was convicted of two counts of uttering a forged check, contrary to Wis. Stat. § 943.38(2) (1987-88), on November 3, 1988. At the time, each count was punishable by up to ten years in prison. The circuit court withheld sentence, placed Huber on probation for a period of four years, and ordered him to pay restitution as a condition of probation. Huber did not appeal. Twelve years later, however, on December 8, 2000, his probation was revoked, and Huber was thereafter sentenced to

a concurrent prison term of ten years on each count. It is the revocation of Huber's probation in 2000 that is the subject of the petition before this count. Huber contends that the revocation of his probation in 2000, long after it had expired, followed by the imposition of two concurrent ten-year terms of imprisonment violated his constitutional rights.

Huber's original term of probation was extended three years (he claims illegally) in 1992, which would mean it should have expired on November 3, 1995. But even if that extension was lawful, what happened to cause him to remain under supervision five years later? The Administrative Law Judge ("ALJ") who heard the revocation briefly addressed this issue in her written decision, a copy of which is attached to the petition. She noted:

> The client was originally placed on supervision in 1988 for a period of 48 months. The client is still on supervision some 12 years later because he has absconded for numerous times throughout his supervision and, at one point, for a period of years.

(Dec. at 3.) However, there were no specific findings set forth in the decision to support the ALJ's conclusion that Huber's supervision was tolled for almost five years. Wisconsin law provides that the Department of Corrections "may toll all or any part of the period of time between the date of a violation and the date an order of revocation or reinstatement is entered . . . ." Wis. Stat. § 304.072(1). But the only violations mentioned by the ALJ occurred in 2000, long after Huber's term of probation would have expired in the absence of such tolling.

The ALJ's decision was subject to administrative review within the Wisconsin Division of Hearings and Appeals ("DHA"). If the administrative appeal was not successful, Huber could have then obtained state judicial review of his claim that his probation had already expired by filing with the circuit court a petition for certiorari. However, Huber's then attorney opted not to appeal and instead requested "that the decision take effect and the matter be set before the Circuit Court for

2

sentencing as soon as possible." July 6, 2005 Letter of David Schwarz, Adm. of DHA, to Attorney Franklin (attached to petition at XXXV). As a result, the revocation became final and the case was sent to the trial court for sentencing where on February 8, 2001, Huber received the two concurrent ten-year terms he is now serving.

Huber, represented by new counsel, attempted to challenge the underlying revocation in a Wis. Stat. § 809.30 motion for post conviction relief filed on August 29, 2001. The circuit court denied the motion without reaching the merits of his claim that his probation had already expired before it was revoked. That issue, the court held, should have been raised in a petition for certiorari and could not be raised in a motion seeking post-conviction relief. Citing *State v. Ramey*, 121 Wis. 2d 177, 359 N.W.2d 402 (Ct. App. 1984), the circuit court noted that "[a]ny claims of ineffective assistance of counsel alleged in conjunction with a revocation hearing must be raised by filing a petition for a writ of habeas corpus." October 31, 2001 Decision and Order Denying Mot. for Sec. 809.30 Relief at 3. The circuit court went on to deny Huber's challenge to the sentence imposed. The Wisconsin Court of Appeals affirmed the trial court's decision on June 6, 2003, and the Wisconsin Supreme Court denied review by order dated October 1, 2003.

Huber, still represented by counsel, then filed a motion for habeas corpus in the circuit court alleging ineffective assistance of counsel at his earlier revocation. Contrary to the post-conviction court's suggestion that such a claim was properly cognizable by way of habeas corpus, the circuit court assigned Huber's habeas corpus action summarily dismissed his petition without addressing the merits on the ground that he needed to raise the issue with the sentencing court. November 4, 2005 Findings and Order at 2-3. The Court of Appeals summarily affirmed the circuit court's

3

dismissal of his petition on September 18, 2007, and again the Wisconsin Supreme Court denied review on December 19, 2007.

Huber next wrote the Administrator of the DHA requesting a rehearing. His requests were denied by letters dated February 26 and March 17, 2008. He then filed a petition for certiorari on March 24, 2008, seeking review of the letter decisions denying his requests to reopen and vacate the order revoking his probation on the ground that DHA was without subject-matter jurisdiction to revoke his probation at the December 8, 2000 hearing because his probation had already expired. In a decision dated November 19. 2008, the circuit court affirmed DHA's decisions denying Huber's request to reopen on the ground that Huber was collaterally estopped from obtaining such relief by virtue of the decision dismissing his petition for habeas corpus. The court concluded that Huber's continued attempts to litigate the matter rendered it frivolous. The Court of Appeals affirmed on January 5, 2010, and the Wisconsin Supreme Court denied review on January 26, 2010. Five months later, Huber filed the petition now before this court.

In response to this Court's order directing Huber to show cause why his petition should not be dismissed as untimely, Huber argues that his petition is timely with respect to the most recent action he brought in state court challenging the subject matter jurisdiction of DHA to revoke his probation after it had expired. He asserts that he was able to raise subject matter jurisdiction at any time because jurisdictional defects cannot be waived. Petitioner now states that it is this proceeding – the refusal of the Division of Hearings and Appeals, in February 2008, to vacate the 2000 revocation order – that he is challenging in this federal habeas proceeding. As such, because he is challenging a 2008 order rather than his much older conviction and revocation, he argues that the petition falls within the one-year limitations period under 28 U.S.C. § 2244(d).

But, as the Respondent notes, the statute of limitations under § 2244(d) does not get renewed every time a prisoner files a new challenge to his custody. What's important here is when the custody was first imposed, and "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his revocation in 2001, and in 2003 the court of appeals affirmed and the state supreme court denied his petition for review. Thus, in 2003, December 30, 2003, according to Respondent, his revocation "became final." Under § 2244(d), he then had one year from that date in which to file a federal § 2254 challenge. He did not do so.

In September 2005, approximately nine months after the one-year statute of limitations expired, Huber filed his state petition for habeas corpus. The decision denying that petition would have become final ninety days after the Wisconsin Supreme Court denied review or in March of 2008. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (holding that limitations period began to run 90 days after entry of judgment by state supreme court). By that time, Huber had already commenced his action for certiorari seeking review of DHA's denial of his request to reopen and vacate his revocation. Even assuming the most recent certiorari action would toll the time period (which is far from clear), it appears that the one-year limitation period had already expired by the time Huber filed his state habeas action in September 2005.

Huber points out, however, that this delay was caused by his attorney who had been appointed by the State Public Defender to prepare and file his habeas petition. He attached correspondence to his response that substantiates his claim that counsel was appointed for this purpose even before the Wisconsin Supreme Court's decision denying his initial appeal became final. Huber argues that the period of time his attorney delayed filing his habeas petition should toll

5

the one-year habeas limitation. He points out that his attorney incorrectly advised him in one of the attached letters that even though the process has taken longer than he would have liked, "you have no applicable deadlines." (Response, Ex. A-6.) Given his appointed attorney's delay and the inaccurate advice he gave him, Huber argues that the one-year period should be equitably tolled.

Citing *Arrietta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006), the Respondent argues that attorney error is not a reason for tolling the one-year habeas limitations period. But *Battaglia* is not so broad. It does not hold that mistaken advice by counsel can never be a proper ground for equitable tolling. Indeed, *Battaglia* acknowledged that such relief is available "where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own." *Id.* at 867. More recently, the United States Supreme Court addressed the issue of equitable tolling of the one-year habeas limitation in *Holland v. Florida*, 130 S. Ct. 2549 (2010). *Holland* confirmed that equitable tolling is available for cases governed by § 2244(d)'s filing periods where a petitioner can show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.

Based on the procedural history recounted above, it is clear that Huber has been diligently pursuing his rights, albeit unsuccessfully. Despite the myriad of attempts, he has yet to get a court to address the merits of his claim that his revocation attorney provided ineffective assistance of counsel in failing to appeal the ALJ's decision revoking his probation. The fact that appointed counsel failed to timely act on his behalf and wrongfully advised him that there were no applicable deadlines may well constitute the type of extraordinary circumstance that prevent his timely filing.

At least at this point, I am unable to say it is not. Accordingly, I decline to dismiss his petition as untimely at this time and will order a response.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent(s)[2] through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

**SO ORDERED** this     21st      day of October, 2010.

                                                      s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.