UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HUBER,

        Petitioner,

  v.                                                  Case No. 10-C-435

JEFF PUGH,

        Respondent.

**ORDER**

On May 20, 2010, Robert Huber filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254, asserting that his state court revocation was imposed in violation of the Constitution. Although I originally concluded that the petition appeared untimely, on October 21, 2010, I entered an order indicating that the petition did *not* appear untimely due to the applicability of equitable tolling. The respondent has now moved for reconsideration of that order.

My October 21st order stated that "at least for now" the petition appeared timely. (Dkt. # 19 at 1.) In other words, I concluded that the petition did not fail on timeliness grounds at the screening stage which, after all, is generally a summary or preliminary review of a petition's allegations. As such, I will decline the respondent's entreaty to reconsider that decision, as the decision was not "final" and was merely an indication that we should reach the merits of this action.

That said, nothing in the motion for reconsideration convinces me that my preliminary conclusions about timeliness were in error. The respondent indicates that petitioner's counsel was appointed to aid petitioner in his *state* proceedings, and thus counsel was under no obligation to inform the petitioner about dates that might have *federal* significance. Although that is perhaps true, it is also true that the story petitioner tells is one of continued and persistent efforts to assert

his rights in both state and federal court. It is certainly conceivable that equitable tolling would not solve all of petitioner's timeliness problems, but the complexity and unusual nature of the issue make it difficult to reach such a conclusion at this stage.

Respondent also asks that I now screen the complaint on its merits, although its request is not accompanied by any argument that any of the claims should be dismissed. Although petitioner alleges three "claims" in his petition, it is clear that the thrust of the petition is that he was incarcerated by the state even though its authority for doing so (his term of probation) had expired. If a state incarcerates an individual without any authority, that individual has been deprived of his liberty without due process of law. *See, e.g., Graybill v. Hames,* 36 F.3d 1102, 1994 WL 477722 (9th Cir. 1994). It is also conceivable that incarceration beyond what was authorized could constitute a violation of Double Jeopardy. But regardless of how the claims are styled, at some point the respondent has to explain what happened here; we need not focus too closely on labels or claims at this stage. If the state has arguments on exhaustion or any other factors, it is not precluded from raising them in its brief. For now, however, it does not "plainly appear" on the face of the petition that the petitioner has failed to exhaust his remedies or that any claims have been procedurally defaulted. Rule 4 of the Rules Governing § 2254 Cases. If anything, it appears he has diligently attempted to press his claims at every possible opportunity.

The motion for reconsideration is **DENIED**. The parties are directed to follow the briefing schedule already set forth in this Court's previous ruling.

**SO ORDERED** this ___10th___ day of November, 2010.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge