UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HUBER,

        Petitioner,

  v.                                                Case No. 10-C-435

JEFF PUGH,

        Respondent.

**ORDER**

On May 20, 2010, Robert Huber filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254, asserting that the state revocation of his probation and subsequent ten-year sentence to prison was imposed in violation of the Constitution. More specifically, Huber claims his term of probation expired before it was revoked. Although the petition initially appeared untimely, I allowed Huber to proceed and appointed counsel to represent him on the issue of whether the one-year statute of limitations for § 2254 cases had been equitably tolled. Huber later fired his attorney, and the respondent moved for reconsideration of the issue of whether his petition was timely. I denied the respondent's motion, stating that "it is certainly conceivable that equitable tolling would not solve all of petitioner's timeliness problems, but the complexity and unusual nature of the issue make it difficult to reach such a conclusion at this stage."

In its most recent brief, the respondent again presses the timeliness argument. It notes that even if this Court generously applies the equitable tolling doctrine, the petition would *still* be untimely by a significant stretch. To recall, Huber's state court judgment became final on December

30, 2003, which was ninety days after the Wisconsin Supreme Court denied review. After that period, Huber asserts that his attorney failed to adequately communicate with him, and thus equitable tolling could conceivably apply (though the state argues against this) for the period from then until he filed his first state court postconviction action in September 2005. That action was dismissed, and the court of appeals affirmed in September 2007. The state supreme court denied the petition for review in December of that year, at which point that decision became final.

After 2007, there is no argument for equitable tolling, however, because petitioner was no longer represented by counsel and was responsible for his own filings. He did file a second postconviction motion in state court in March 2008, but that was rejected by the state courts as untimely. The court of appeals explained at some length why Huber's multiple challenges failed, and in particular why that motion was untimely. "Huber did not timely file a petition for writ of certiorari when the revocation order was first entered in 2000. Regardless of the nature of his underlying legal argument, Huber cannot challenge the revocation order nearly a decade after it was entered." *State ex rel. Huber v. Schwarz,* 2010 WL 10394, *2 (Wis. Ct. App. 2010). Postconviction motions rejected as untimely by the state courts do not suspend the federal § 2254 limitations period, because such motions are not deemed "properly filed." *Allen v. Siebert,* 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2)"). Because that action was not properly filed, there is no basis to toll the limitations period during the time that motion was pending. That means (at best) Huber's clock began running at the end of 2007 and ran out by the

2

end of 2008.[1]  Huber does not argue that this period should be equitably tolled.  Even if he did, however, filing an improper motion in the state courts is not the "extraordinary circumstance" that is required for equitable tolling.  *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010).

Even aside from the problem of timeliness, however, it appears that Huber is not entitled to relief.  The response establishes that Huber's term of probation was repeatedly tolled due to his admitted absconding from supervision, and he therefore remained on probation at the time of his revocation.

Accordingly, the petition is dismissed as untimely.

**SO ORDERED** this ___19th___ day of May, 2011.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge

---

[1] The state makes a number of other timeliness arguments, which I do not address.  In its view, Huber's statutory period expired long before the end of 2007.